THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00121-MR-DLH

| | |
|---|---|
| TRIBAL CHILD SUPPORT ENFORCEMENT, ex rel. JULIA A. MANEY (n/k/a JULIA A. QUEEN), ) ) ) ) Plaintiff, ) ) ) vs. ) ) BILLY R. MANEY, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Notice of Removal" [Doc. 1], which the Court construes as a Notice of Appeal, and the Defendant's Application to Proceed without Prepayment of Fees or Costs [Doc. 2].

The Defendant Billy R. Maney, an enrolled member of the Eastern Band of Cherokee Indians, seeks judicial review of the final Order of the Cherokee Supreme Court entered on September 23, 2014, which denied the Defendant's appeal of a child support order entered by the Cherokee Superior Court in Civil Case No. CV 99-558. Specifically, the Defendant

argues that the Tribal Court's Order, which increased the garnishment of his per capita distribution check, violates the Ex Post Facto clause. [Doc. 1].

Upon review of the Defendant's pleadings, the Court concludes that it lacks subject matter jurisdiction over this action. "[F]ederal courts are not the general appellate body for tribal courts." Burrell v. Armijo, 456 F.3d 1159, 1173 (10th Cir. 2006). A federal court's review of a tribal court is generally limited to whether the tribal court properly exercised jurisdiction; therefore, unless jurisdiction is found to be lacking, "proper deference to the tribal court system precludes relitigation of issues raised . . . and resolved in the Tribal Courts." Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 19 (1987).

Here, it is clear that the Tribal Court properly exercised jurisdiction in this matter. See Cherokee Code § 1-2(b) (conferring jurisdiction over domestic relations of tribal members, including issues of child custody and support). Therefore, the Defendant is precluding from challenging the Tribal Court's child support order here. Accord Gunhammer v. Bowman, No. CIV 07-3028, 2007 WL 2123786, at *1 (D.S.D. July 20, 2007) (dismissing § 1983 action challenging garnishment of state unemployment benefits to pay tribal court judgment for child support).

**IT IS, THEREFORE, ORDERED** that the Defendant's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Notice of Removal [Doc. 1] is **DENIED**, and this appeal is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge